Good morning, Your Honors, and may it please the Court, Stephanie Mesplay on behalf of Appellants Stephen Kayser and Gloria Young. I'd like to reserve five minutes of my time if I could, please. This Court should reverse the District Court's dismissal of the plaintiff's complaint where the plaintiff's pleaded a specific, facially unconstitutional policy that led to a deprivation of constitutional rights. The Supreme Court's decisions in Twombly and Iqbal require a plaintiff to plead factual allegations that rise above the speculative level to state a plausible claim. Twombly and Iqbal do not, however, require a plaintiff to make detailed allegations of fact, nor do they require the plaintiff to attach documents to a complaint. This is especially the case where the plaintiff is unlikely to have access to the relevant information. So can I ask how that applies to the customer practice argument or the failure to train under Monell liability because I don't see any allegations in the complaint that would support either of those two claims. So in terms of the failure to train, the reason the Court dismissed it is because the Court was looking for a pattern of untrained employee actions. However, the District Court pulled that standard from Connick v. Thompson and Connick v. Thompson involves solely the actions of prosecutors. Prosecutors who are trained in the law, they all go to law school, they all presumably know what Brady is before they ever get there. The case of City of Canton, however, is the correct standard when we're talking about police officers. And that case recognizes that in certain situations there is an obvious need to train, such as when you're dealing with unreasonable force and such in this case where police officers, they don't go to law school, they don't have any pre-existing knowledge of what Brady evidence is. They need to be trained on it. But why isn't that just covered by the policy? I mean, under your theory, let's assume that the policy was incorrect or was unconstitutional or had a constitutional deprivation, would you automatically have a failure to train because the presumption would be you're training consistent with the policy, so therefore you trained inconsistent with the Constitution? Is that what you're relying on or is there something more? That is what we are relying on, yes. Okay. But customer practice, is that the same thing you're relying on for customer practice? It is. So it really just boils down to your allegation that there was a policy which had an improper definition of Brady evidence, is that correct? That is correct. Okay, so as I read the complaint, it seemed like it boiled down to the paragraph 32 statement that defendants' policies define Brady evidence as only evidence for the possible impeachment of government employees. Is there anything else that provides details about the allegedly erroneous policy? That is what we provided for in our complaint. We do have a copy of the policy and we had that it would grant us leave to amend to attach the policy so that we could show the court precisely what- Is the policy different than what Judge Akuta just referenced? The policy is not different, Your Honor, but providing a copy of the policy would give more detail. That's simply the only difference here is that we had a description of the policy- for Brady evidence and we determined that that's an incorrect statement of the law. That's enough. We don't need to see the policy do- I mean, perhaps you should have the opportunity for leave to amend on the customer practice or failure to train, but if- well, if we reverse the district court on the first point, on the policy issue, then you don't need leave to amend, I guess. That is correct, Your Honor, and that is what we are asserting. However, on- should this court decide that that isn't sufficient, then we would request leave to amend to add to the policy. What more would you add? I mean, did you make a profit- did you make a request for- you did make a request for leave to amend below, right? We did. Did you submit an amended complaint, a proposed amended complaint? The- well, the court denied leave to amend without any explanation. We would have- You didn't submit a proposed amended complaint. I mean, usually don't you submit a proposed amended complaint with your request for leave to amend? Usually- I believe usually it's submitted with the amended- I apologize. Okay, well- We didn't submit a proposed policy, largely because we didn't have the policy- Whatcom County's policy, because we hadn't had a copy of it yet, but when it was initially granted, no, we did not submit a proposed amendment. That was after the court- Well, I'm just wondering if the court knew what you- usually you would give the court an idea, whether it's through an actual proposed amended complaint or explain what it is you would amend, and so what are you going to add to the policy claim that is not in the current one? What we stated to the district court and what we would be doing here would be attaching a copy of the actual policy from Whatcom County. On that note, the district court abused its discretion by dismissing this complaint without leave to amend. The district court gave no reason whatsoever for denying our request for leave to amend. Nowhere in its order did it state that amendment would be futile. It simply denied it. However, as this court has held, denying leave to amend without any explanation whatsoever is an abuse of discretion. So, the opposing counsel argues that they have- the defendants here have either prosecutorial immunity or sovereign immunity. Do you want to address that? Yes, Your Honor. First of all, we've named Whatcom County, which would include the Whatcom County Sheriff's Office, as part of our complaint. So, as a matter of law, the Sheriff's Office does not get prosecutorial immunity. Mr. McEren does also not get prosecutorial immunity because prosecutorial immunity is an individual defense and it does not apply in cases where the prosecutor has been named in his official capacity. It just simply doesn't apply to this case. So, it's essentially a suit against the county in two different ways. Is that what you're saying? That is correct, yes. It is a suit against the county and the county sheriff's office, which is a subdivision of the county, and against the prosecuting attorney in his official capacity only. Okay. And I'm sorry, Your Honor, could you repeat the second half of that question? As I understand the argument, is that the prosecuting attorney was acting for the state in acting as a prosecutor, so it would have the state's sovereign immunity. Well, again, that does not apply to the sheriff's office. And secondly, the trial court didn't address that at all in his decision. And while that is correct when the prosecutor is acting in the prosecutorial authority, when he's prosecuting crimes, it does not apply to situations where the prosecutor is giving advice to the rest of the county. That portion of a prosecutor's duties is specifically a county function. It is defined as a county function by Washington statute. Okay. I'd like to reserve the rest of my time, if I could, please. Thank you. May it please the court, George Rocha on behalf of Whatcom County and David McEachran. I would submit that the central issue present before the court today is whether the plaintiffs have supported their case with material facts or whether they proffered legal conclusions in both their original complaint and their amended complaint, specifically in regards to the alleged policy that exists in Whatcom County. And examine if you take issue and say that their description of the policy is incorrect in the complaint. I do, Your Honor, although I won't go to the merits of what the policy in and of itself says today, because I think under the 12B6 standard that the case was presented, we have to accept what facts they proffered. Well, right. They said that according to the plaintiffs, Brady evidence only applies for the possible impeachment of government employees. And my first position, Your Honor, would be that that statement is a legal conclusion and not a material fact. Well, why is that a legal conclusion? It's a very specific representation of what's in the policy, and it's clearly wrong under the Supreme Court case law. So that seems to specifically say defendants' policies define Brady evidence in this erroneous way. Now, if they had just said defendants' policies have an erroneous description of Brady evidence, maybe that's conclusory. But this is very specific as to what the policies contain. I think, Your Honor, I think specifically, previously you've mentioned that it's the plaintiffs' amended complaint, subparagraph number 32 at page 9 of the amended complaint, where they really outline what that policy says. And I do understand that they say that the policy defines Brady evidence as only applying to government employees. Did you, on your motion to dismiss, did you put in a copy of the policy? I didn't feel that that would be appropriate, Your Honor, given the quote, the six standards. Well, it absolutely would. If it's mentioned, if they quote from a document in the complaint, you can certainly use that on a motion to dismiss. And that goes to why I'm saying that this is a legal conclusion, because it is not a quotation from the policy. Well, then why don't we allow that? It sounds like they want to amend the complaint and add a policy. So why don't we just allow that to happen? I mean, this seems a bit like we're running around the tree here. Like, let's just get the policy out there and then figure out whether it's right or wrong. I will not argue with Your Honor. This is a bit roundabout. However, I think that the Judge Kuhnauer made the correct decision when faced with the second motion to dismiss under 12b-6. After having originally in his first order of dismissal described in great detail what he would be looking for in an amended complaint, I believe that Judge Kuhnauer is within his discretion when he chose to dismiss without leave to amend the complaint for what would have been been a third complaint at that point. He didn't provide any reasons, however, is what opposing counsel says. I would take issue with that. I think it's at the conclusion of Judge Kuhnauer's second order of dismissal, which is docket 25, Your Honor. I believe in that he did conclude that immunity would bar the future presentation of that action. He'd previously granted leave to amend. I felt that that was within his discretion. I would ask that this court find that that was within his discretion and affirm the district court's order under the abuse of discretion standard. Of course, I acknowledge that there's two actions that the court must go through here. First, because you have to look at the de novo issues of whether the amended complaint actually did present sufficient information when looked at through the 12b-6 standard. I will return again to paragraph number 32. I think Judge Akuta's already made this point. If that's what the policy says, it's a clear misapplication of the law. You've got two ways to deal with that. Either put in the policy and say that's not really what the policy says, or are you arguing that that is an accurate statement of the law? I'm sorry. Are you arguing that their allegation in paragraph 32, that Brady evidence is only evidence for the possible impeachment of government employees. Are you arguing that that's an accurate statement of the law? Absolutely not, Your Honor. Okay. So then I don't know why, I mean, you either got to prove that that's not what your policy says and you could easily put in the policy, or you've got to argue that it's an accurate statement of the law. You've done neither. Your Honor, again, and I would turn, when analyzing the case and the presentation of the defense, looking at the 12B6 standard, I didn't feel it was appropriate in a 12B6 motion to dismiss to bring in an extrinsic factual evidence. Okay. Well, that's wrong. I mean, you could have. Whether you wanted to as a strategic matter is a separate question, but you clearly could have put it in in a motion to dismiss where it's referenced. Any document that's referenced in the complaint, you could put it in because you shouldn't allow plaintiffs to be able to do this and just misquote and then cite the document of the complaint. So you could have done that. You didn't, which is a fine strategic matter, but then you've got to come in and argue that what they said is accurate statement of the law because we have to accept what they said as true. So I just, I don't see any way around this, but to get the policy in, if you want to talk about the policy now, we can, but it seems a little futile. So let's just get the policy in, let the district court do another analysis of whether that's a violation, whether this is actually what the policy says. If it is what the policy says, you seem to be agreeing that it would be a Monel violation. I agree if that's what the policy said. So let's just figure it out. That is not what the policy says. You may be right, but we don't have it. It is available. It was a public record available to the plaintiff throughout the entire pendency of the action could have easily been presented to the court in their complaint. Well, they chose not to do it. They make a factual statement about what the contents of the policies are. Uh, and there we, there it sits. So if that is what the policy says, then the official government policy, um, is violation of Brady and the plaintiff's alleged that, um, um, the violation of his Brady rights caused an injury. So it seems like all the pieces are there. I would again ask the court to take a closer examination of paragraph 32 of the plaintiff's amended complaint. Review that in comparison with judge Kuhn our second order to dismiss disagree. It's a factual description of the policy. I do. I believe that it is a conclusory statement of the law. Your Honor. Why is that? Because it's an erroneous statement of the law and it says, this is what the policy says. So that's a factual claim, correct? It's a matter of historical fact. We can go and look at the policy and see if that's how, what the policy says. I would say in response to that, your Honor, that I don't think it's a representation of a material fact. I think what it, what, what you don't think it's material that the policies describes Brady evidence erroneously. I think that the only fact that's being proffered is the conclusion that the policy that exists is in it is unconstitutional. Well, that's not what they say. They describe what the contents of the policy are. Well, they don't just say, um, defendants maintain an unconstitutional policy. That, that I think would probably be conclusory. Rather, they describe as a matter of historical fact, what the language in the policy is. And we can, we can examine it ourselves to see whether it's erroneous or not. I take your Honor's point. I would again, I'm taking the position that it was a conclusory statement that was made. I want to go back to a statement you made a few minutes ago about immunity. And I think you said that Judge Kuhnauer, um, in your, uh, view of his decision said that, did address whether amendment should be allowed and, and says, no, it shouldn't be allowed for futility and you referenced the immunity reason. So I just pulled that decision back up. And my understanding is that he only referenced immunity with relation to the malicious, malicious prosecution claim. Am I incorrect about that? Sorry, Your Honor. Just refreshing my recollection. And, and I, I, I would say that, that he, he does reference that in the end of his order in, in the malicious prosecution subsection. Absolutely, Your Honor. But I think that he's also touching on those same points as he moves through all of the four prongs essentially before that in Monell and, and explaining in, in his interpretation why it would not stand beyond that point. Not only because his view of the amended complaint was that there was an insufficient factual basis to support that beyond the Twombly pleading standard, but that immunity was an issue that would prevent him, um, from, from continuing to hear that case. I would say that it's a closest comparison in the Ninth Circuit case law is out of California in this Ishmael v. City of Orange case where we've seen a similar case where suits brought against the prosecutor's office for Brady violations. And we look at that not as an, a suit against an individual, but a suit against the office in its official capacity and how that's barred by prosecutorial immunity as the City of Orange is acting as the state and has the benefit of sovereign immunity in that case. If sovereign immunity applies, and then it prevents, uh, the action against... The district court, did the district court address sovereign immunity? The opposing counsel says no. I would say that I would take issue with that. Do you want to point us to specific language? Well, well, Your Honor, and I look at it in the combination of both orders. The first order dismissing, I think, discusses sovereign immunity and, and the prosecutorial immunity in, in greater detail as a whole. And I don't think as much is said in the second because he turned again to the factual allegations and how the amended complaint had not changed substantially from the original complaint. Uh, but, but I do feel that when you, and I feel that you have to read Judge Kuhnauer's orders in their totality because it's something that he, he does touch on throughout the course of his reasoning in that case. And I would ask you to go to, to the root fundamental part of this issue is if the person who has a Brady obligation is not the Whatcom County Sheriff's Office or any of the people involved in the investigation, the sole person with the Brady obligation is the prosecutor exercising the prosecutorial function of prosecuting the case. They make the judgment determinations about what information is Brady and what information is not Brady. They process the discovery. The duty is theirs and theirs alone, but they have the benefit of the state's sovereign immunity. Um, how is that when we're talking about, I mean, as this case is presented to us, we're talking about a County policy, not a state policy or a state statute. So how is the, how is he representing the state? I mean, he's elected by the County. That is correct. But, but as you analyze the, uh, RCWs that apply to the duties of prosecutors and also some of the state case law that I've cited, um, throughout the briefing is specifically as a case Whatcom County versus the state of Washington, uh, where the, that issue was litigated, litigated in great detail. Uh, County prosecutors work at the discretion of the Attorney General's office in the state of Washington and under the supervision of the Attorney General's office in the prosecution of state criminal matters. Uh, the case at issue in this case was the state of Washington versus Stephen Kaiser and all actions taken by the Whatcom County prosecutor's office against Mr. Kaiser were taken on behalf of the state of Washington. And those prosecutors would have the benefit of the state sovereign immunity for the actions that they took in that case. So the sole actor with a duty at play in this case is, is an actor who has the benefit of the state sovereign immunity. And there are reasons why immunity passes to, to prosecutors and they're quasi judicial in their nature. The same, uh, immunities that the judges benefit from is it's the same rationale that prosecutors are supported by the same immunity because one would be loath to criminally prosecute anyone who had the ability to bring civil suit against you, um, because it would happen as a matter of course, if that were to be allowed. And I think that that's at the root of the issues that were at play in this. I think from a procedural standpoint, the case has gotten more complex because of the nature of 12B6 motions and the nature of the motion practice that occurred in the district court. I submit to this court that the district court came to the correct conclusion when analyzing both the original complaint and when they allowed the discretion to amend the complaint that, that they viewed the facts presented to them as insufficient to overcome the Twombly pleading standard. Can I ask a question? The, um, you said that the policy is publicly available? Absolutely. I have a copy. Well, I'm just wondering if that's something we can take judicial notice of or if we're stepping into it. Because that seems to be the only way to salvage this for you, in my opinion, is for us to look at the policy. And I'm not sure if it's appropriate for us to do it, if we should just send it back to the district court. But I don't agree with your position that paragraph 32 is just a conclusive restatement. You may be correct that the plaintiff has mischaracterized the policy, but someone's got to look at the policy, it seems to me. Do you want us to, or do you want us to send it back to the district court to do it in the first instance? I would be happy to provide you with what, and again, plaintiff and I have not conferred more on your agreement as to which policy it is, but it is available and can be made available. But you wouldn't object if we said, look, we want to take judicial notice of the policy? Absolutely not, Your Honor. Thank you very much for your time. I'd ask that the district court be affirmed. Thank you. We have some time for rebuttal. I would just like to correct a couple statements that were made by opposing counsel. First of all, whether the policy is publicly available, it is available through a public records request, which is how we got a hold of it. I don't know that it's necessarily available on the  What's your position on this? Could we take judicial notice of that, or is that inappropriate? I think it would be inappropriate. One, I don't know how you would find it. I don't think this court has the ability to make a public records request. No. I mean, if we ordered the parties to submit it to us, would that be appropriate, or should we just send this back to the district court and allow the district court to do it? You should send it back to the district court. Secondly, in terms of the court's orders, and the court's initial order dismissing the first complaint, the majority of that order was dedicated to the issue of prosecutorial immunity because we had named individual prosecutors. That was the vast majority of the discussion in the order, and as to immunity. We took care of that. We got rid of those people. In terms of the court's discussion of Monell, it was limited to about a paragraph and a half. In our original complaint, we had stated only that Whatcom County had implemented our I apologize, that Whatcom County did not have adequate policies to ensure that Brady evidence was turned over to criminal defendants, and that's all we had alleged. We concede that that was not adequate under Monell, so we obtained a copy of the policy through a public records request. So you've read the policy now that you've obtained. Do you stand by the allegation that you made in paragraph 32 that that's an accurate representation of the policy in light of you reading it? Yes, I do. Okay. The district court's initial order ordering us to amend our first amendment complaint stated only that we had not provided factual allegations substantiating our assertions that the failure to disclose Brady material had resulted from a formal policy. We fixed that. The court didn't go into any more detail than that. A posting counsel says that the first order is infused with the court's view that sovereign immunity would protect the defendants. Do you agree with that? I do not agree with that, and the reason I don't agree with that is one, because we amended our complaint, and two, because in our original complaint and what the court was addressing with respect to our original complaint was that we had named prosecutors in their individual capacity. And so that would have been defeated by prosecutorial immunity, though, not by sovereign immunity, presumably. Correct. And when we were granted leave to amend that time, we removed those people. We took care of the immunity issues that the court had addressed in its initial order. The court didn't get into whether this is state versus county functions. It didn't get into that in the first order. It doesn't get into that in the second order. It just simply isn't addressed. Additionally, the City of Orange case that Whatcom County keeps relying upon is a California case. It was decided in this circuit, but it relies upon California law and a California statute and how California categorizes its prosecutors. It has no application in Washington. The Whatcom County case, which is a little confusing, the Whatcom County state case that dealt with state function versus county function, the issue in that case was whether the prosecutor who had been named as a defendant in his official capacity was entitled to a defense from the state attorney general's office as opposed to the county prosecutor's office. The court states over and over again in that case that it's not addressing Monell issues. All it's addressing is whether he's entitled to be defended by the attorney general. So I would argue that case does not support their position either. In sum, we would submit that the district court erred when it dismissed our complaint without leave to amend, given that we described a specific policy that was unconstitutional on its face, which should have been sufficient to state a claim under Monell. Thank you. All right. The case of Stephen Kaiser and Gloria Young versus Whatcom County and David McEachran is submitted.
judges: Ikuta, R. Nelson, Hunsaker